UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAFAEL F. MONCADA,[1] | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JOHN E. POTTER, | § | SA-10-CV-0635 OG (NN) |
| United States Postmaster General, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Orlando Garcia
        United States District Judge

This report and recommendation addresses defendant John E. Potter's motion to dismiss and/or for summary judgment.[2] I have authority to enter this report pursuant to the district judge's order of referral[3] and my authority under 28 U.S.C. § 636. Because my recommendation relies on summary-judgment evidence, the district court should treat the pending motion as a motion for summary judgment.[4]

**This case arose from a single employment decision**. Former U.S. Postal employee —

---

[1] Although the complaint reflects the plaintiff's name as "Ralph Moncada," the summary-judgment evidence indicate the plaintiff's name is "Rafael F. Moncada." The caption and the clerk's docket sheet have been conformed to the evidence.

[2] Docket entry # 6.

[3] Docket entry # 11.

[4] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

plaintiff Rafael F. Moncada — complains about being required to work on May 23, 2009. Moncada maintains that working on that day violated his medical restrictions. Moncada contends he was limited to working no more than 8 hours per day and 40 hours per week. Moncada alleges that the alleged violation of his medical restrictions constituted the following unlawful employment actions:

1. age discrimination,

2. disability discrimination,

3. retaliation for prior EEO activity, and

4. hostile work environment.[5]

Although Moncada relies on the Americans with Disabilities Act for his disability discrimination claim,[6] the Rehabilitation Act provides a basis for that claim because Moncada was a federal employee. To the extent Moncada referred to his race and national origin claims in his response to Potter's motion, Moncada's complaint does not complain about discrimination based on race or national origin.

**Moncada's claims based on age and disability discrimination should be dismissed for failing to timely initiate EEO counseling**. "[P]laintiffs must have first properly exhausted their administrative remedies before they may bring suit in federal court."[7] For federal employees like Moncada, this means they "must seek informal counseling before they file an

---

[5]Docket entry # 1.

[6]Docket entry # 9, p. 3 (clarifying that basis of disability discrimination is Americans with Disabilities Act of 1990 rather than Disability Discrimination Act of 1995 Act as stated in complaint).

[7]*Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990).


EEOC complaint. If the employee fails to do so, his claim is barred."[8]  Federal regulations provide for a 45-day window for seeking informal counseling.[9]

Because Moncada complains about discrimination that allegedly occurred on May 23, 2009, he was required to initiate EEO counseling no later than July 7, 2009. The summary judgment evidence shows that Moncada charged discrimination based on age and disability on September 7, 2009,[10] but he did not initiate EEO counseling on the basis of age or disability discrimination. The summary-judgment evidence shows Moncada initiated EEO counseling for claims based on race and national origin discrimination and retaliation on May 28, 2009[11] — within the 45-day window — but he did not complain about discrimination based on age and disability until September 7, 2009. That date is outside of the 45-day window for initiating EEO counseling. Moncada suggested in his response that Potter waived the 45-day window,[12] but "the agency must make a specific finding that the claimant's submission was timely"[13] to waive a timeliness objection. "'[A]gencies may inadvertently overlook timeliness problems and should not thereafter be bound.'"[14] Because no summary-judgment evidence shows the EEOC made a

---

[8] *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).

[9] *See* 29 CFR § 1614.105(a) ("Aggrieved persons who believe they have been discriminated against on the basis of . . . age, disability . . . consult a Counselor prior to filing a complaint in order to try to informally resolve the matter. . . An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . .")

[10] Docket entry # 9, exh. 2.

[11] Docket entry # 6, exh. 4.

[12] Docket entry # 9, p. 6.

[13] *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992).

[14] *Rowe*, 967 F.2d at 191 (internal citation omitted).

timeliness finding in this case, Potter did not waive the timeliness argument. The summary-judgment evidence presents no reason why Moncada could not have raised his claims of age and disability discrimination at the time he raised his claims of race and national origin discrimination.[15] Potter is entitled to dismissal of Moncada's claims based on age and disability because the claims are time-barred and unexhausted.[16]

**Potter is entitled to summary judgment on Moncada's retaliation claim because no summary-judgment evidence shows Moncada experienced an adverse employment action.** To establish a prima facie case of retaliation, a plaintiff must show, among other things, that the defendant-employer took an adverse employment action against the plaintiff.[17] To establish an adverse employment action in a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of

---

[15] *Eberle v. Gonzales*, 240 Fed. App'x 622, 627 (5th Cir. 2007) (determining that district court correctly determined that plaintiff failed to exhaust claims based on race and disability because no reason existed for why plaintiff could not have raised claims of race and disability discrimination at time he raised his claims of age discrimination).

[16] *Accord Cantu v. Potter*, No. EP-08-CV-349-KC, 2010 U.S. Dist. LEXIS 33468 (W.D. Tex. Apr. 2, 2010) (dismissing plaintiff's retaliation claim as time-barred and unexhausted, because although plaintiff placed checkmarks in boxes next to "race," "sex," "age" and "disability," she did not check the box labeled "retaliation"); *Miller v. Potter*, NO. 3:07-CV-1040-K, 2008 U.S. Dist. LEXIS 101237, at * 7-8 (N.D. Tex. Dec. 11, 2008) (characterizing plaintiff's argument about failing to "check a certain box" on complaint form as " little more than a backdoor attempt to slide under the forty-five-day limit" and dismissing claim based on program not referred to in form as unexhausted; the plaintiff checked "race" and "retaliation" boxes on form and then attached a two-page, single-spaced letter detailing the alleged discrimination and retaliation of exclusion from certain program, but never mentioning another program).

[17] *See Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008).

discrimination."[18]  The summary-judgment record contains no evidence of an adverse employment action.  Although Moncada complained generally in his complaint about harassment and hostile work environment,[19] Moncada only complained about being required to work on May 23, 2009.  Moncada characterized working on that day as a violation of his medical restrictions and a breach of a prior settlement agreement, but the summary-judgment evidence belies the characterization.  The summary-judgment evidence shows Moncada worked 8 hours on May 23, 2009 and 40 hours during the first week of pay period 12.[20]  That work is consistent with Moncada's purported medical restrictions.  In addition, the complained-about settlement agreement does not include an agreement to conform Moncada's work schedule to no more than 8 hours per day and 40 hours per week.[21]  The summary-judgment evidence suggests that Moncada was unhappy with working on a previously-scheduled off-day.[22]  Potter is entitled to summary judgment on Moncada's retaliation claim.

**Potter is entitled to summary judgment on Moncada's hostile work environment claim because no summary-judgment evidence shows Moncada experienced a hostile work environment**.  The only allegation supporting Moncada's hostile work environment claim is that Moncada's supervisor required Moncada to work on May 23, 2009.  A plaintiff alleging hostile

---

[18] *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53, 68 (2006) (internal citation omitted).

[19] Docket entry # 1, ¶¶ 20 & 22.

[20] Docket entry # 6, 2d. exh. 2.

[21] Docket entry # 6, exh. 2.

[22] Docket entry # 6, exhs. 4 & 8.

work environment must prove, among other things, that he was subjected to unwelcome harassment, the harassment was based on his protected status, and the harassment affected a term, condition or privilege of employment.[23]  The harassment must be sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.[24]  Being required to work on a previously-scheduled off-day does not rise to the level of a hostile work environment.  Working on May 23, 2009 did not violate the alleged work restrictions.  Nor did working on May 23, 2009 alter the conditions of Moncada's employment .  Nor was working on that day severe or pervasive.  No basis exists for proving a hostile work environment.  Potter is entitled to summary judgment on Moncada's hostile working environment claim.

**Recommendation**.  Based on the following, I recommend GRANTING Potter's motion for summary judgment (docket entry # 6), DISMISSING Moncada's age and disability discrimination claims, and entering SUMMARY JUDGMENT on Moncada's retaliation and hostile work environment claims.  If the district court accepts these recommendations, the court can enter a final judgment in favor of Potter.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days

---

[23]*See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001).

[24]*See Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

after being served with a copy of same, unless this time period is modified by the district court.[25] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[27]

    **SIGNED** on February 10, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[26] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[27] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).